IN THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES-DEMARCUS GARNER,<br><br>              Petitioner,<br><br>    v.<br><br>DAVID ORTIZ,<br><br>              Respondent. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 18-3665 (JBS)<br><br>**OPINION** |

APPEARANCES:

James-DeMarcus Garner, Petitioner pro se
#069511-066
FCI Fort Dix
Inmate Mail/Parcels
East: P.O. Box 2000
Fort Dix, NJ 08640

**SIMANDLE, U.S. District Judge:**

    1.    James-DeMarcus Garner, a federal prisoner confined at FCI Fort Dix, New Jersey, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petition, Docket Entry 1.

    2.    Petitioner alleges he was "kidnapped" by officers without a "correct" warrant in Pottstown, Pennsylvania on February 11, 2015. Petition ¶ 4.

    3.    He was held in Philadelphia, Pennsylvania from February 11, 2015 until January 20, 2017. On February 7, 2017, he was taken to Fort Dix. *Id.* ¶ 6.

4. Petitioner alleges he is being unlawfully confined in Fort Dix.

5. Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001).

6. Petitioner brings this petition as a pro se litigant. The Court has an obligation to liberally construe pro se pleadings and to hold them to less stringent standards than more formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Attorney Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011), *as amended* (Sept. 19, 2011) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

7. A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998); *Lewis v. Attorney Gen.*, 878 F.2d 714, 721–22 (3d Cir. 1989); *United States v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969), *cert. denied*, 399 U.S. 912 (1970).

8. Nevertheless, a federal district court must dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4 (made applicable through Rule 1(b)); *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Siers v.*

*Ryan*, 773 F.2d 37, 45 (3d Cir. 1985), *cert. denied*, 490 U.S. 1025 (1989).

9. The Court takes judicial notice of the public record of Petitioner's judgment of conviction from the United States District Court for the Eastern District of Pennsylvania. *United States v. Garner*, No. 15-cr-88-001 (E.D. Pa. Jan. 20, 2017). It is clear that Petitioner is actually challenging the validity of his conviction and sentence.

10. A challenge to the validity of a federal conviction or sentence must be brought solely under 28 U.S.C. § 2255. *See Jackman v. Shartle*, 535 F. App'x 87, 88 (3d Cir. 2013) (per curiam) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)).

11. "[Section] 2255 expressly prohibits a district court from considering a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" *Snyder v. Dix*, 588 F. App'x 205, 206 (3d Cir. 2015) (quoting 28 U.S.C. § 2255(e)); *see also In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997).

12. "A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim."

3

*Cradle v. U.S. ex rel. Miner,* 290 F.3d 536, 538 (3d Cir. 2002) (citations omitted).

13. Section 2255 is not inadequate or ineffective to challenge official actions at the time of Petitioner's arrest. *See Reid v. Apker*, 150 F. App'x 134, 135 (3d Cir. 2005); *United States v. Dixon*, 142 F. App'x 91, 92 (3d Cir. 2005). The Court therefore lacks jurisdiction under § 2241.

14. Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631.

15. The Court takes judicial notice that Petitioner has filed an appeal with the Third Circuit. *United States v. Garner*, No. 17-1181 (3d Cir. filed Jan. 22, 2017). The Court finds that it is not in the interests of justice to transfer this habeas petition because Petitioner is presently pursuing his direct appeal and may seek to file a motion under 28 U.S.C. § 2255 in the sentencing court if his direct appeal is unsuccessful.

16. The petition is dismissed for lack of jurisdiction.

17. An accompanying Order will be entered.

**March 26, 2018**             **s/ Jerome B. Simandle**
Date                                         JEROME B. SIMANDLE
                                                U.S. District Judge